Weygandt, C. J.
This controversy centers mainly about three facts.
The first is the discovery by the defendant insurance company that the plaintiff’s answers to certain questions contained in the application for the policy were false — admittedly so.
The second fact is that upon discovery of the falsity of those answers the defendant on July 23, 1956, terminated the policy and notified the plaintiff that no further payment thereon would be made.
The third fact is that thereafter the plaintiff submitted to the defendant insurance company no periodic medical proof of his alleged continuing total disability.
Under the terms of the policy the defendant company was obligated to pay the plaintiff $200 per month during total disability. From the day after the plaintiff’s fall to April 3, 1956, the company paid him the sum of $566.66. Further payments were refused by reason of the discovery that the plaintiff’s answers to certain questions contained in the policy were admittedly false. The plaintiff then instituted this action to recover for 13 additional months at the rate of $200 per month. The jury’s verdict was for the full amount.
For the months of April, May and June 1956, the Court of Appeals held that the verdict of the jury is against the mani *22 fest weight of the evidence, and that part of the plaintiff’s claim was remanded to the Court of Common Pleas for a retrial. Since that reversal involves the weight of the evidence, the plaintiff presents no assignment of error to this court with reference thereto, and, of course, no opinion is expressed concerning it. Nor has the defendant filed a cross-assignment of error.
As to the remaining $2,000 for the period of 10 months, the Court of Appeals rendered a final judgment for the defendant on the ground that the plaintiff “failed to present any proof that” he was “under the professional care and regular attendance of a legally qualified physician or surgeon for each of the months from July 3, 1956, through June 22, 1957, for which benefits were claimed” and he “failed to present any medical proof in support of his claims for benefits for said period. ’ ’
In the second defense in its answer the defendant insurance company alleges that “said policy of insurance was issued in consideration of the statements and agreements made by the assured in the application for said policy of insurance; that said policy of insurance provided that the same was contestable as to the accuracy of the representations made by the assured in the application for said policy.
“Defendant further says that said application of the plaintiff herein contained certain interrogatories therein in answer to which interrogatories the said plaintiff, Carlos Redden, stated that no renewal had ever been refused on any policy of insurance previously issued to him; that he had never made claim for or received benefits on account of any injury or illness; that his average monthly earnings were $800; that he had never been operated on by a physician or surgeon; that he had never had arthritis, neuritis, sciatica, sprained or lame back, disorder or disease of the kidneys, nervous system or heart; that he had received no medical or surgical advice or treatment or had any local or constitutional disease within a period of five (5) years preceding June 10,1955.
“Defendant further says that at the time said interrogatories were answered and the statements made by the plaintiff, the same were false and untrue and known to be so by the said Carlos Redden at the time he made them * * *. ( Í # # #
*23 “This defendant further says that said statements in said application were the basis upon which the policy of insurance was issued; that the defendant herein issued said policy solely and entirely in reliance upon the written answers to the above questions and interrogatories, which the plaintiff herein agreed were true and correct to the best of his knowledge and belief; that said policy would not have been entered into, nor would the same have been issued except that this defendant relied upon the truthfulness and correctness of said statements and answers contained in said application; that said false statements materially affected the acceptance of the risk and/or hazards assumed by the defendant herein.
“Defendant further says that immediately upon discovery of the falsity of said statements and answers contained in the application for said insurance, it terminated said policy of insurance, the plaintiff being notified of said termination on July 23, 1956, * * # and that by reason thereof said policy of insurance was void pursuant to the terms thereof. ’ ’
Among the terms of the policy are the following provisions:
“This policy is issued in consideration of the statements and agreements made by the insured in the application and the payment in advance # * *. i i & # #
“No agent has authority to change this policy or to waive any of its provisions # * *. ’ ’
That there were false answers in the application is shown conclusively by the following answer of the plaintiff himself:
“A. I knew there was some false statements.”
When asked what he did about it, he answered:
“A. I didn’t do nothing.”
The plaintiff testified that he answered the questions correctly but that the agent wrote incorrect answers. This the agent denied. Said the Court of Appeals, “One thing, however, is perfectly clear and that is that upon or shortly after the policy was issued, the plaintiff saw the application attached to the policy, and found out then that the answers were not truthful, but he did not notify the defendant of this important fact upon discovery of the false statements, ’ ’
*24 No claim is made that the false answers were not material, and hence on either horn of the plaintiff’s dilemma he can not recover. One of the elementary principles of insurance law is that nothing more completely vitiates an insurance contract than false answers to material questions in the application.
In his concurring opinion, one judge of the Court of Appeals said, “I join with my associates in the reversal of that part of the judgment representing, the installments claimed by the plaintiff to be due for the months of April, May and June of 1956 of $600 on the ground that that part of the judgment is against the manifest weight of the evidence requiring that part of plaintiff’s case to be remanded for further proceedings. * * * I desire to express the further thought that because plaintiff’s own testimony shows that he discovered the false statements over his signature in the application shortly after he received the policy with the application attached thereto and that because he did not then notify the defendant of such erroneous statements, such facts would justify entering final judgment on this part of the plaintiff’s claim.” However, a majority of that court consented to a retrial of that phase of the controversy which has, as previously noted, not been brought before this court by either the plaintiff or the defendant for a review.
As to the $2,000 part of the plaintiff’s claim, the Court of Appeals was clearly correct in rendering a final judgment for the defendant irrespective of whether the plaintiff gave false answers when he signed his application or concealed the truth after he admittedly learned of their falsity. Referring to the fraudulent conduct of the plaintiff, the Court of Appeals said, “Answering questions seeking this kind of insurance was not a new experience for the plaintiff. He had been concerned in a number of such transactions as shown by the record, three of which applications containing such wrong answers were approved by plaintiff’s signature. The plaintiff owed a duty to inquire and report the errors that he admitted discovering in the application to the insured, and his failure to do so is strong evidence supporting the claim that he was untruthful in answering the questions on the application.”
Other questions are raised by the plaintiff but it is not *25 necessary to consider them inasmuch as he is precluded from recovery by reason of the admittedly false answers to the material questions in the application.
The part of the judgment of the Court of Appeals now before this court is affirmed.

Judgment affirmed.

Zimmerman, Matthias and Herbert, JJ., concur.
Taet, Bell and O’Neill, JJ., concur in the judgment.